**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0350n.06
Filed: May 16, 2006

**No. 05-6018**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| JAMES CRENSHAW | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:    SUTTON and McKEAGUE, Circuit Judges; and CALDWELL, District Judge.[*]

**McKEAGUE, Circuit Judge.** Defendant-Appellant James Crenshaw pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and was sentenced to 115 months' imprisonment. On appeal, Crenshaw challenges the reasonableness of his sentence, arguing that the district court's stated reasons for sentencing at the high end of the Guideline range were insufficient to allow effective appellate review, that the district court did not adequately consider the 18 U.S.C. § 3553(a) factors, and that the sentence was substantively unreasonable. For the reasons stated below, we affirm Crenshaw's sentence.

**I.**

James Crenshaw was arrested on September 25, 2002, following an incident in which shots were fired. Crenshaw had stolen a firearm from Robert Graham's grandmother. When confronted

---

[*]The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

by Graham with the theft, Crenshaw became "very angry, ran into his house, and returned with the handgun. . . [and] then fired five shots toward Graham." Although Graham was not injured, officers found three bullet holes in the house. Crenshaw ultimately pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At the sentencing hearing, the district court calculated Crenshaw's Guideline sentencing range as 92 to 115 months. Neither party objected to the Guideline calculations. The district court acknowledged that the Guidelines were advisory and stated that the factors listed in 18 U.S.C. § 3553(a) would be taken into account as well as the advisory Guideline range in coming to an appropriate sentence. The United States recommended a sentence at the low end of the 92-115 month Guideline range, as agreed in the plea agreement.[1] Defense counsel requested that the district court take into consideration Crenshaw's history of mental illness and then requested the district court to stand by the plea agreement.

At the sentencing hearing, the district court expressly noted that Crenshaw had twenty-four criminal history points versus the thirteen to sixteen which would be the norm for his criminal history category. The district court confirmed with Crenshaw that he did indeed steal the weapon. Then the district court commented on Crenshaw's criminal conduct, the facts underlying the charge, and the fact that Crenshaw fired shots at a person and fortunately missed. The district court sentenced Crenshaw to 115 months' imprisonment and three years of supervised release. The district court imposed mental health counseling as one of the conditions of supervised release. After imposing this sentence the court gave the following explanation:

---

[1]The plea agreement made it clear that this recommendation by the government would not be binding on the district court.

> I wanted to provide some explanation since the government recommended the low end. A sentence at 115 months is the higher end of the sentencing range, and it is really based on the criminal history that - propensity for violence and the need to protect the public in the case, and multiple firings of a weapon which emphasizes the need to protect the public. I do agree that we need to get you some mental health care, and that's probably the key to the whole situation is to try to get you proper health care. . . .

Crenshaw timely appealed his sentence, arguing that it is both procedurally and substantively unreasonable.

**II.**

Post-*Booker*, "[t]he courts of appeals review sentencing decisions for unreasonableness." *United States v. Booker*, 543 U.S. 220, 264 (2005). When sentencing, a district court must articulate the reasons for the particular sentence imposed in order to enable this Court to engage in a meaningful reasonableness review of the sentence. *United States v. Jackson,* 408 F.3d 301, 305 (6th Cir. 2005). Crenshaw's first argument is that the district court's stated reasons for sentencing at the high end of the Guideline range were insufficient to allow effective appellate review. This argument is unpersuasive. The district judge explained that he chose a sentence at the high end of the range based on Crenshaw's extensive criminal history, the fact that the history demonstrated a propensity for violence, and the resulting need to protect the public.

Even though district courts have greater discretion in sentencing after *Booker*, they must consider the advisory provisions of the Guidelines and the other factors identified in 18 U.S.C. § 3553(a). *Jackson*, 408 F.3d at 305. Crenshaw's second argument is that the district court did not adequately consider the § 3553(a) factors before imposing the sentence. The record does not support this claim. The district court listed the §3553(a) factors and stated that it considered those factors

in arriving at an appropriate sentence. The district judge specifically discussed Crenshaw's history of extensive criminal involvement from a young age, his demonstrated propensity for violence, and the need to protect the public. Moreover, the district judge demonstrated that he was aware of Crenshaw's history of mental illness and need for mental health treatment, the very factor Crenshaw claims was not considered. The district court properly considered the factors set forth in § 3553(a) in crafting an appropriate sentence.

Crenshaw's final argument is that the sentence was longer than necessary to achieve the purposes of sentencing. He claims that while the 92-month sentence he sought would have been appropriate, the 115-month sentence was excessively and unreasonably long. According to Crenshaw, his mental illness should have been taken into account to lessen his sentence in spite of his extensive criminal history. Contrary to these arguments, the mere fact of Crenshaw's mental health problems does not render a sentence at the high end of the Guideline range unreasonable. The district court took all the appropriate facts and circumstances into account and sentenced Crenshaw at the high end of the Guideline range. A sentence within the applicable Guideline range is presumptively reasonable. *United States v. Williams,* 436 F.3d 706, 708 (6th Cir. 2006). Crenshaw has not pointed to anything which overcomes that presumption here. The 115-month sentence is reasonable.

## V.

For the foregoing reasons, we AFFIRM the district court's sentence in this case.