CLAY, Circuit Judge,
dissenting.
I agree with the majority that the district court properly departed upwards one level on account of Defendant’s criminal history. In my view, however, the district court’s sentence should be vacated because it is procedurally unreasonable under United States v. Booker, 543 U.S. 220, 258-65, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and Rita v. United States, — U.S. -, 127 S.Ct. 2456, 2468-69, 168 L.Ed.2d 203 (2007). Defendant made three specific nonfrivolous arguments sounding in the § 3553(a) factors: (1) extreme disparities between Defendant’s Guidelines range and his coconspirators’ sentences counseled in favor of a below-Guidelines sentence; (2) comparing Defendant’s sentence to those customarily imposed for murder or manslaughter indicated that the applicable Guidelines range was excessive as applied to Defendant; and (3) due to Defendant’s age, a within-Guidelines sentence was tantamount to a sentence of life without release. The district court responded to none of these arguments; nor did the court demonstrate that it had heard, understood, and considered them. See Rita, 127 S.Ct. at 2469. Moreover, the sentencing transcript does not indicate more than perfunctory consideration of the § 3553(a) factors. For these reasons, the record before the Court hinders appellate review; rather than scrutinizing the district court’s actual reasons for selecting Defendant’s sentence, we are forced to speculate about what might have been the district court’s thought process.
After Booker, this Court reviews the district court’s sentence for reasonableness. United States v. Wilms, 495 F.3d 277, 279-80 (6th Cir.2007). Reasonableness review has a procedural and substantive component; see United States v. Liou, 491 F.3d 334, 339 (6th Cir.2007); Rita, 127 S.Ct. at 2468-69, the former is at issue here. A sentence is procedurally unreasonable if “the district judge fails to ‘consider’ the applicable Guidelines range or neglects to ‘consider’ the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration.” United States v. Jones, 489 F.3d 243, 250-51 (6th Cir.2007) (internal quotation marks removed) (quoting United States v. Ferguson, 456 F.3d 660, 664 (6th Cir.2006)).
To satisfy the procedural reasonableness requirement, the district court is required to “set[ ] forth enough [reasoning] to satisfy the appellate court that [it] has considered the parties’ arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.” Liou, 491 F.3d at 339 (quoting Rita, 127 S.Ct. at 2468). Rita implies that the district court must address nonfrivolous arguments raised by the defendant, though sometimes *968 the circumstances will call for only a brief explanation. 127 S.Ct. at 2468. While this does not mean that “a district court’s failure to address each argument head-on will ... lead to automatic vacatur,” it does mean that the district court’s reasoning, viewed in its context, must be clear from the record. Liou, 491 F.3d at 339 n. 4.
Defendant’s primary argument at sentencing was that his applicable Guidelines range was inordinately long, which he attempted to demonstrate by comparing his prospective sentence to his co-conspirators’ sentences. Defendant contended that the need to avoid unwarranted sentencing disparities between himself and his co-conspirators required the district court to vary downwards. See § 3553(a)(6). Defendant’s argument was substantial. After various adjustments under the Guidelines,[3] Defendant’s Guidelines offense level was 29, which produced a range of 151 to 188 months, given Defendant’s criminal history category of VI. Though Defendant’s background and role in the offense might warrant a lengthier sentence than the sentences of his co-conspirators, the disparity here was extreme: His sentence of 180 months was 857% greater than the 21-month sentences imposed on co-conspirators Jon Tisdale and George Khabner, and co-conspirator Andrea Dent received no prison time whatsoever.
Defendant also made two other arguments. He compared his sentence to those imposed for murder and manslaughter, implying that his sentence was disproportionately steep, given that his conviction involved only non-violent property crimes. See § 3553(a)(2)(A) (noting that the sentence imposed must “reflect the seriousness of the offense, [ ] promote respect for the law, and [] provide just punishment for the offense”). Defendant also argued for a lower sentence because, given his age at the time of sentencing (53), a sentence within the Guidelines might be tantamount to a life sentence. After Booker, the district court could properly have considered this fact as a basis for a downward variance. United States v. Whipple, 414 F.3d 887, 890-91 (8th Cir. 2005); see United States v. Husein, 478 F.3d 318, 329-30 (6th Cir.2007) (noting that district courts can consider mitigating factors not deemed relevant by the Guidelines).
The district court did not demonstrate that it had heard, understood or considered Defendant’s arguments, and it indicated little consideration of the § 3553(a) factors. The court’s stated reasons for not varying upwards or downwards were that:
The court has considered this case at great length, has considered now that it has the power to vary upward or downward. And given the nature of the conduct here over a protracted period of time, and the defendant’s absolute inability to comprehend the magnitude of his criminal conduct, the court will not vary downward. So the court’s going to sentence within the 151 to 188 months.
J.A. at 207.[4]
*969 While district courts have substantial discretion to decide how much to say when sentencing a defendant, in my view, this parsimonious statement of reasons constitutes an abuse of that discretion. The district court does make reference to facts relevant to two § 3553(a) factors. See §§ 3553(a)(1), (2)(C). But it fails to explain its reasons for rejecting any of Defendant’s arguments, or to provide an analysis of the § 3553(a) factors which formed the basis of Defendant’s claims. The case is thus on all fours with Thomas, where this Court vacated the defendant’s sentence as procedurally unreasonable where the district court failed to address any of the defendant’s specific arguments and merely stated that the defendant’s sentence was reasonable “given the defendant’s background and behavior in this particular case.” United States v. Thomas, 498 F.3d 336, 339 (6th Cir.2007).
Furthermore, unlike the majority, I cannot agree that this record demonstrates that the district court listened to and understood each of Defendant’s arguments, but merely found other § 3553(a) factors more pertinent. In Rita, the district court summarized the defendant’s arguments, and asked questions about each sentencing factor, thus revealing for the record that the court had listened to and considered the defendant’s arguments. 127 S.Ct. at 2461-62, 2469. The majority points to nothing in the record that shows the same consideration here. My review of the record has uncovered nothing more than the district judge’s statement: “I recognize that [Defendant is] of the view that the disparity here is mind boggling, and I understand that. And I recognize that.” J.A. at 211. This statement is inadequate to save the sentence. Defendant made two arguments based on sentencing disparities, and this statement lacks any indication that the district court understood those arguments. Additionally, nowhere in the record does the district court reveal that it understood Defendant’s argument that his age counseled in favor of a lower sentence. The district court’s cryptic statement is also conclusory, thus engendering uncertainty as to whether “the district court adequately considered and rejected [Defendant’s] arguments regarding proper application of the § 3553(a) factors or whether it misconstrued, ignored, or forgot [Defendant’s] arguments.” Thomas, 498 F.3d at 341 (holding that district judge’s statement that “I certainly have received [the sentencing memorandum], read it and understand its presentations” did not indicate the required consideration of the defendant’s arguments (bracketed text in original)).
The differences between Defendant’s sentence and his co-conspirators’ sentences are extreme. While distinctions in Defendant’s background and conduct might have warranted such large disparities, after Defendant raised the argument, the district court should have supplied enough reasoning for this Court to explain the distinctions that justified Defendant’s substantially lengthier sentence. The district court should also have provided some indication of why it rejected Defendant’s other arguments. One possibility is that the district court relied on the Guidelines to provide the relevant distinguishing characteristics. But this answer cannot itself suffice; because the Guidelines always supply a potential justification for a within-Guidelines sentence, procedural reasonableness review of within-Guidelines sentences would be meaningless if this Court always inferred that the district court adopted the *970 reasoning of the Sentencing Commission without a showing that the district court actually adopted that reasoning. Stated alternatively, this Court reviews what the district court did, not what it might have done. See id. at 341 n. 3. In my view, the sentence imposed here does not allow the Court to evaluate the district court’s reasons for imposing Defendant’s sentence.
For these reasons, I respectfully dissent.

. Defendant’s sentence was adjusted for the amount of the loss, see U.S.S.G. § 2B1.1(b)(1)(H), the number of victims, see id. § 2B 1.1 (b)(2)(A), the use of access making equipment, see id. § 2Bl.l(b)(10), Defendant’s role as an organizer or leader of criminal activity that included five or more people, see id. § 3B1.1(a), and for Defendant’s exceptional criminal history, id. § 4A1.3(a)(4)(B).

. The district court also issued a sentencing memorandum, where it provided the following justification for Defendant's sentence:
After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), and the advisory sentencing guidelines calculation, the Court found no basis to engage in a variation from the advisory guideline range. Consequently, the Court imposed a sentence of 60 months for count one and a sentence of 120 months for the remaining *969 convictions with the sentence of 120 months to be served consecutively to the 60 month sentence for a total of 180 months. J.A. at 50-51.