NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0448n.06
Filed: July 30, 2008

No. 07-3096

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TROY WILLIAMS, aka Omar Pitter, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: ROGERS, COOK, and MCKEAGUE, Circuit Judges.

COOK, Circuit Judge. This appeal marks Troy Williams's second challenge of his sentence. Williams pleaded guilty to charges of distributing and conspiring to distribute cocaine, and the district court sentenced him to 96 months in prison. After an initial appeal resulted in a remand for *Booker* resentencing, the district court imposed the same sentence under the advisory guidelines regime. Williams again appeals, and we affirm.

I. BACKGROUND

Our unpublished opinion in Williams's first appeal set forth the salient facts, so we do not repeat them here. *United States v. Williams*, 194 F. App'x 318, 320–21 (6th Cir. 2006). It suffices to say that in Count 1 of a six-count indictment, a federal grand jury charged that Williams, a

Jamaican national residing illegally in Florida, acted as a drug courier between Florida and Cleveland, Ohio. On June 5, 2003, Williams pleaded guilty pursuant to a plea agreement in which he agreed to testify against a coconspirator, Kerven Telsey.

At both sentencing and resentencing, the district court applied a two-level increase for obstruction of justice and denied Williams's request for a two-level decrease due to a minor role in the offense. The court departed downward three levels for acceptance of responsibility and also applied a two-level safety-valve reduction. With an adjusted offense level of 29 and a category I criminal history, the court calculated Williams's applicable sentencing range to be 87 to 108 months, and sentenced him to a 96-month prison term.

## II. ANALYSIS

### A. Obstruction of Justice

Williams challenges the district court's two-level sentence enhancement for obstruction of justice. He not only argues that he is innocent of such conduct, but also that this enhancement violates the Fifth and Sixth Amendments by permitting judicial fact-finding. Both arguments lack merit.

1.

Sentencing Guideline § 3C1.1 provides for a two-level increase where a "defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. Various obstructive behaviors trigger this enhancement, including "providing materially false information to a judge" and "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." *Id.* § 3C1.1, cmt. n.4(f),(g). We follow a three-step approach in assessing whether the two-level enhancement is appropriate. First, we ask whether the district court clearly erred in the factual findings underlying its decision. Second, we review de novo the court's conclusion that the facts constitute obstruction of justice. Finally, we also review de novo the ultimate decision to enhance the defendant's sentence. *United States v. Chance*, 306 F.3d 356, 389 (6th Cir. 2002).

The district court enhanced Williams's sentence two levels after "compar[ing] . . . the defendant's testimony in the Telsey trial with the [conflicting] factual basis in the defendant's earlier guilty plea agreement." We find ample evidence in the record to support the court's conclusion that Williams made false statements.

In a statement filed with the court, Williams himself conceded prior inconsistencies: "Up to this moment, I have told the agents a series of stories that were not completely truthful." JA 287. The record easily substantiates this concession. During his 2003 arrest, Williams repeatedly changed his story as to who hired him to drive drugs to Cleveland, the source of the $30,000 found in his

suitcase, and the type of drugs he sold. Likewise, at the Tesley trial, Williams made several statements that directly contradicted his filed statement or statements made during his arrest. For example, he testified that he made only two trips to Cleveland, although his filed statement noted four; he testified that he met Telsey on the trip that led to his arrest, although his statement explicitly mentioned an earlier meeting; and he testified that he never spoke to Telsey on the phone, despite multiple records of calls from Telsey's cell phone.

According to Williams, these contradictory statements to the district court and law enforcement officers fail to trigger the obstruction of justice enhancement because they are not "materially" false—that is, they did not affect the Telsey trial's outcome. *See* U.S.S.G. § 3C1.1 cmt. n.4(f),(g). The district court, however, noted that the hung jury in Telsey's case resulted in part from the "ambiguous testimony offered by Williams" and that "the testimony of Williams during the Telsey trial assisted the Telsey defense." Given that Williams's false statements bear directly on his role in the offense as well as the involvement of others in the conspiracy, we conclude that the statements are sufficiently material to warrant enhancement. *See id.* § 3C1.1 cmt. n.6 (defining "material" evidence as a statement that, "if believed, would tend to influence or affect the issue under determination"). The district court did not err by increasing Williams's sentence two levels for obstruction of justice.

2.

Williams also contends that Guidelines § 3C1.l violates his Fifth Amendment due process and Sixth Amendment jury rights by "transplanting the criminal charges of obstruction of justice and perjury into the sentencing guidelines." In support, Williams points out that the base sentencing range upon conviction for obstruction of justice is between 10 and 16 months, U.S.S.G. § 2J1.2, but his enhancement for obstruction of justice increased his Guidelines range by 17 to 21 months. This constitutional attack on judicial fact-finding is unavailing.

The Supreme Court recently confirmed that judicial fact-finding within an advisory Guidelines regime is constitutionally sound. *Rita v. United States*, 127 S. Ct. 2456, 2463 (2007); *see also United States v. Wittingen*, 519 F.3d 633, 638 (6th Cir. 2008). Williams's argument, moreover, assumes that there is—or ought to be—no quantitative distinction between the sentence resulting from conviction for a particular offense and the Guidelines enhancement for similar conduct. The Supreme Court, however, noted with respect to perjury: "[T]he enhancement is more than a mere surrogate for a perjury prosecution. It furthers legitimate sentencing goals relating to the principal crime, including the goals of retribution and incapacitation." *United States v. Dunnigan*, 507 U.S. 87, 97 (1993). Precedent holding so strongly otherwise, we reject Williams's constitutional argument.

B. Role in the Offense and Federal Rule of Criminal Procedure 32(i)(3)(B)

Guideline § 3B1.2(b) provides for a two-level reduction when, compared with other defendants, "the defendant was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b).

Williams next contends that when weighing whether Williams was "a minor participant" in the criminal activity for purposes of § 3B1.2(b), the court failed to satisfy Federal Rule of Criminal Procedure 32(i)(3)(B)'s requirement that a court "must—for any disputed [or] controverted matter—rule on the dispute or determine that a ruling is unnecessary." In refusing to reduce the offense level on the basis of § 3B1.2(b), the district court stated: "The defendant has also argued that he is entitled to a two-level reduction for role in the offense. The Court finds that such an argument is without merit and it is denied." On de novo review, we conclude that no error occurred. *See United States v. White*, 492 F.3d 380, 414 (6th Cir. 2007) (reviewing de novo whether a sentencing court violated Rule 32(i)(3)(B) by failing to make independent findings).

Although Williams points to this conclusory statement to argue that the court failed to satisfy Rule 32(i)(3)(B), he ignores the court's other discussions of the matter at resentencing. During the December 14, 2006, resentencing hearing, the court stated: "I don't buy into the minor role. As I recall, Williams was transporting drugs all over everywhere . . . . [w]hich he sets out in his own . . . statement; that he described what he had done; talks about his various trips; and I believe I recounted that in the opinion filed on the 22nd of November." By his own admission, Williams conducted at least thirteen separate trips to Houston, Cleveland, El Cajon, Boston, and New York, each of which the court noted in its November Order. Williams admitted that these trips all involved cocaine trafficking and he received between $1,000 to $2,000 per trip. The district court committed no error under Rule 32(i)(3)(B) because it relied on Williams's participation in the thirteen drug-trafficking trips in declining to apply the two-level reduction.

## C. Reasonableness of the Sentence

Finally, Williams contends that his 96-month sentence is procedurally and substantively unreasonable. We assess the reasonableness of a sentence under an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007); *United States v. Jeross*, 521 F.3d 562, 569 (6th Cir. 2008). Reasonableness is understood both procedurally and substantively. *Gall*, 128 S. Ct. at 597. We review first for procedural errors, which include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* Only then do we ask whether a sentence is substantively reasonable. *Id.*

First, Williams argues that his sentence is procedurally unreasonable because the court failed to adequately consider the 18 U.S.C. § 3553(a) factors. *United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006); *see United States v. Cousins*, 469 F.3d 572, 577 (6th Cir. 2006) ("[W]e have held that a sentence is unreasonable where the district court lists the § 3553(a) factors . . . but does not . . . provide reasoning explaining its decision . . . ."). Second, Williams argues that his sentence is substantively unreasonable because if the court accounted for the sentences of his codefendants, his sentence would be lower. The record counsels us to disagree.

1.

We first ask whether the district court adequately analyzed the § 3553(a) factors. During the resentencing hearing, the court considered the sentences of Williams's codefendants as required under § 3553(a)(6), and then indicated that it would "write a memorandum to support [its] findings with an analysis of the 3553 factors." No bright-line rule exists to assess the depth of a court's § 3553(a) analysis. As the *Rita* Court stated: "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances." 127 S. Ct. at 2468; *see Jeross*, 521 F.3d at 582–83 ("District courts may exercise discretion in determining how much of an explanation of the sentence is required because 'the amount of reasoning required varies according to context.'" (quoting *United States v. Liou*, 491 F.3d 334, 338 (6th Cir. 2007))). What *is* clear, however, is that this court does not require a mechanistic recitation of the factors. *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005).

Here, the court adequately addressed the § 3553(a) factors in its separate order. Specifically, under § 3553(a)(1), the court referenced the presentence report and Williams's own statement in assessing the nature and circumstances of the offense, and discussed Williams's history and characteristics by observing that Williams achieved only a sixth-grade-level education, had a minimal employment background, would be subject to deportation upon completion of his sentence, regularly used marijuana, and depended on his family's support. Under § 3553(a)(2), the court emphasized Williams's substantial role in the conspiracy and concluded that a "sentence of 96

months reflects the seriousness of the offense and is designed to promoted respect for the law and just punishment." With respect to deterrence, the court noted that while the 96-month sentence "should provide adequate deterrence to criminal conduct to those persons who know the defendant and are informed about the nature of his sentence," the question was "problematical" as to whether Williams's "friends, relatives and associates" would be deterred. The court also noted that, as a deportee, Williams would not receive drug treatment while in prison. Finally, under § 3553(a)(6), the court actively compared Williams's sentence with those of his codefendants during the resentencing hearing and in a separate order. Even though the court did not explicitly refer to each of the § 3553(a) factors, the record demonstrates that the court gave the factors adequate consideration. *See Wittingen*, 519 F.3d at 637 ("The district need not explicitly refer to each of the factors of § 3553(a).").

2.

We next examine whether the district court abused its discretion by imposing a substantively unreasonable sentence. *Gall*, 128 S. Ct. at 597; *Jeross*, 521 F.3d at 569. Williams's specific contention with respect to substantive reasonableness is that his 96-month sentence—within the 87 to 108 month applicable Guidelines range—is unduly long compared to the sentences of his codefendants. *See* 18 U.S.C. § 3553(a)(6) ("The court, in determining the particular sentence to be imposed, shall consider . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.").

As a threshold matter, we afford an appellate presumption of reasonableness to sentences within the correctly calculated Guidelines range. *Rita*, 127 S. Ct. at 2462; *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Williams fails to rebut this presumption. A colloquy during the resentencing hearing reveals that the court fully understood that, for some codefendants, lower sentences resulted from plea bargains or downward departures inapplicable to Williams. JA 524–26. We thus conclude that the district court did not abuse its discretion in imposing a 96-month prison term.

### III. CONCLUSION

For the foregoing reasons, we affirm.