**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0035n.06

Case No. 14-5410

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | **FILED** |
| v. | ) | Jan 12, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| MICHAEL MADDOX, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Defendant-Appellant. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |

BEFORE: GIBBONS and COOK, Circuit Judges; GWIN, District Judge.[*]

COOK, Circuit Judge. Michael Maddox pleaded guilty to possessing methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and using and carrying a firearm during and in relation to that crime in violation of 18 U.S.C. § 924(c). The district court sentenced him to 147 months' imprisonment. Maddox appeals, challenging the reasonableness of his sentence. We AFFIRM.

---

[*]The Honorable James Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

I.

A state highway patrol trooper stopped Maddox for speeding on Interstate I-24 in Tennessee, and searched his car after the trooper's drug-sniffing dog detected a controlled substance. The search revealed a little more than a half-pound of methamphetamine in the back seat area, a loaded semi-automatic handgun and an extra magazine in the driver's door pocket, a glass pipe, a torch, $2,210 in cash, and two cell phones. Maddox told federal agents that he purchased the methamphetamine for $7,500 in Atlanta, Georgia with the intent to resell it for a profit in Kentucky. He admitted buying methamphetamine for resale about thirty times over the previous eighteen months, including three similar purchases of half-pound quantities.

Maddox pleaded guilty to the drug and firearm charges. In calculating the applicable guidelines range for the drug charge, the probation officer attributed to Maddox 910.82 grams (slightly over two pounds) of methamphetamine mixture, adding the three half-pound quantities Maddox purchased on other occasions to the just over a half-pound amount seized during the traffic stop. That calculation yielded an offense level of 32, which the probation officer reduced to 29 to reflect Maddox's acceptance of responsibility. Maddox's criminal history score was zero because he had no prior convictions. The guidelines range for his drug offense was 87 to 108 months' imprisonment, but the mandatory consecutive five-year sentence for the § 924(c) weapons conviction increased the range to 147 to 168 months.

Maddox did not object to those guidelines calculations, but he moved for a below-guidelines sentence of 60 months' imprisonment under 18 U.S.C. § 3553(a). He argued that a sentence within the guidelines range would be "greater than necessary" under that statute because, among other things, his age (fifty-eight) and status as a first-time offender decreased his

risk of re-offending when released. His motion also noted that he suffered from depression and drug addiction, positing that "[i]t is likely that, if given an opportunity to get treatment for his addiction and mental health issues, he will return to being a productive member of society." (R. 40, Mot. for Non-Guidelines Sentence at 4.) Counsel did not mention Maddox's mental health and addiction at the sentencing hearing, instead emphasizing the differences between Maddox's offense and personal characteristics and those of another offender who received a 150-month sentence.

The court denied Maddox's motion and sentenced him to 147 months' imprisonment, explaining that "Mr. Maddox is a substantial drug dealer [and therefore] the [section] 3553 factors of deterrence and retribution are of prime consideration here." (R. 48, Sentencing Tr. at 20–21.) The court emphasized that sentencing Maddox within the guidelines would deter other would-be offenders, noting that "[i]t is very, very tempting for people such as Mr. Maddox who have lived a law-abiding life for quite some while, who find themselves in need of money, to decide to go into the drug business." (R. 48, Sentencing Tr. at 20.)

II.

On appeal, Maddox challenges the reasonableness of his sentence. He argues that the court accorded excessive weight to the volume and profitability of his drug-distribution enterprise and too little weight to mitigating factors such as his age, lack of criminal history, alleged mental health issues, and addiction to methamphetamine.

Although Maddox cites only the standard for substantive reasonableness, he appears to argue that the district court committed procedural error during the sentencing hearing. Namely,

he suggests that "based upon the sentencing transcript, the district court did not consider Mr. Maddox's mental state and most importantly his very long term addiction and abuse of methamphetamine." We review for plain error because Maddox failed to raise those objections before the district court. *See United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc) (citing *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004)).

Applying that standard, we find no "obvious or clear" error that affected Maddox's substantial rights. *United States v. Simmons*, 587 F.3d 348, 360 (6th Cir. 2009). The district court thoroughly explained why it denied the motion for a downward variance and sentenced Maddox within the guidelines range. Although the court did not specifically address Maddox's argument that his long-term addiction to methamphetamine warranted a below-guidelines sentence, it recommended that he receive 500 hours of substance abuse treatment while incarcerated. The record is therefore clear that the court considered his addiction argument but found it outweighed by other § 3553(a) factors. *See United States v. Liou*, 491 F.3d 334, 340 (6th Cir. 2007).[1] With respect to his claim that the district court should have considered his "mental state," Maddox argued only that he suffered from depression and that he was likely to become a productive member of society after receiving treatment. We find no error in the district court's failure to specifically address that underdeveloped argument. *See United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (explaining that a district court need not address every

---

[1]Maddox also suggests that, in emphasizing the quantity of methamphetamine he distributed, the court failed to account for Maddox's personal use of some amount of his bulk purchases. But he did not object to the probation officer's finding that he distributed slightly over two pounds of methamphetamine, nor did he introduce evidence concerning his personal drug use during the period in question. And, most importantly, he never argued that his personal use was relevant to the court's sentencing determination. We find no plain error in the district court's failure to consider Maddox's personal use *sua sponte*.

argument for a lower sentence and that remand is appropriate only where the record suggests that the district court failed to consider an "arguably meritorious claim for a lesser sentence").

Because we find no procedural error, we turn to Maddox's argument that his sentence is substantively unreasonable. We review for abuse of discretion and may find the sentence unreasonable if the district court "select[ed] the sentence arbitrarily, base[d] the sentence on impermissible factors, fail[ed] to consider pertinent § 3553(a) factors or g[ave] an unreasonable amount of weight to any pertinent factor." *United States v. Martinez*, 588 F.3d 301, 324, 328 (6th Cir. 2009) (quoting *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006)) (internal quotation marks omitted). Because Maddox's 147-month sentence falls within the properly calculated guidelines range of 147–168 months, we afford it a rebuttable presumption of reasonableness. *Vonner*, 516 F.3d at 389–90.

Maddox fails to rebut that presumption. The district court considered all of the § 3553(a) factors and ultimately decided that two in particular—Maddox's "substantial" distribution of methamphetamine and the need to deter others who might be attracted to drug dealing by the high profit margin—justified the sentence imposed. That the court weighed those factors more heavily than evidence suggesting that Maddox is statistically unlikely to reoffend did not render the resulting sentence unreasonable. *See United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006) (explaining that a challenge to the district court's § 3553(a) balancing falls outside the scope of appellate reasonableness review). And although Maddox contends that the court overemphasized the volume and profitability of his methamphetamine distribution, nothing in the record suggests that the court gave those considerations an "unreasonable" amount of weight in light of other evidence. *See Simmons*, 587 F.3d at 365 (noting that while the sentencing court

"clearly placed great weight" on certain § 3553(a) factors such as offense conduct and criminal history, it "did not weigh those factors so heavily as to make the sentence substantively unreasonable").

III.

For these reasons, we AFFIRM.