NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0162n.06

No. 23-3474

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Apr 11, 2024
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee

v.

ZACHARY RYAN BALUSIK,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR NORTHERN DISTRICT OF OHIO

OPINION

Before: SUTTON, Chief Judge; WHITE and THAPAR, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Defendant-Appellant Zachary Balusik challenges the procedural and substantive reasonableness of his 168-month sentence imposed after he pleaded guilty to one count of receipt and distribution of child pornography. We AFFIRM.

## I.

## A.

In March 2021, an undercover agent from the Federal Bureau of Investigation (FBI) entered various online chat groups where users were sharing child pornography. In one group—with a title referencing the rape of infants and toddlers—the agent observed Balusik streaming videos of child sexual abuse while he and others masturbated. The FBI tracked Balusik's IP address to his home in Toledo and executed a search warrant in February 2022. Balusik admitted his use of the chat application and live streaming. A search of his electronic devices revealed numerous child-pornography images and videos, many featuring particularly sadistic and masochistic conduct. Agents identified other chat groups in which Balusik regularly participated

through video conference sessions and messages expressing enthusiasm for child pornography and abuse.

During a polygraph, Balusik admitted he had been downloading and sharing child pornography for a decade. However, he failed the polygraph question asking whether he had sexual contact with any children, and the government obtained information from Balusik's ex-boyfriend that he and Balusik had abused a 12- or 13-year-old boy.

**B.**

The government filed an information charging Balusik with one count of receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). Balusik pleaded guilty without a plea agreement. The probation office prepared a presentence investigation report (PSR) that calculated his Sentencing Guidelines offense level as 34 and criminal-history category as III, resulting in a Guidelines range of 188 to 235 months.

Balusik filed several objections to the PSR and requested a significant downward variance from his Guidelines range. At the sentencing hearing, the district court overruled his objections and, after hearing from both parties and from Balusik himself, sentenced Balusik to a below-Guidelines sentence of 168 months' imprisonment and supervised release for life.

Balusik now appeals.

**II.**

Balusik challenges both the procedural and substantive reasonableness of his sentence.[1] We review the reasonableness of a district court's sentence "under a deferential abuse-of-discretion standard." *United States v. Albaadani*, 863 F.3d 496, 504 (6th Cir. 2017) (quoting

---

[1] Although Balusik's brief suggests he only raises a substantive reasonableness challenge, his arguments are directed at procedural reasonableness as well and the government treats them as such.

*United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015)). We review unpreserved procedural unreasonableness claims for plain error. *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010).

## A.

Balusik primarily challenges his sentence as substantively unreasonable. A sentence is substantively reasonable if it is "proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (quoting *United States v. Ronald Smith*, 505 F.3d 463, 470 (6th Cir. 2007)). A sentence may be substantively unreasonable "where the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Moon*, 513 F.3d 527, 543 (6th Cir. 2008) (cleaned up). "[T]he district court is entitled to deference in its sentencing decisions because of its 'ringside perspective on the sentencing hearing and its experience over time in sentencing other individuals.'" *Vowell*, 516 F.3d at 510 (quoting *United States v. Poynter*, 495 F.3d 349, 352 (6th Cir. 2007)). We apply a presumption of reasonableness to within-Guidelines sentences, and that "same presumption 'naturally extends to sentences below the Guidelines range.'" *United States v. Libbey-Tipton*, 948 F.3d 694, 705 (6th Cir. 2020) (quoting *United States v. Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015)).

Balusik first argues that his criminal-history category of III "does not accurately reflect the lack of contacts [he] has had with the criminal justice system or the relatively minor offenses he was convicted of," warranting a downward departure under U.S.S.G. § 4A1.3(b)(1). Appellant Br. at 14. The PSR calculated Balusik's criminal history score as four. His two prior convictions

for operating a motor vehicle while under the influence (OVI) resulted in a criminal history score of two. And Balusik committed the instant offense while under a sentence for the second of the two OVIs, adding two criminal-history points.[2] Criminal history scores of four, five, and six correspond to a criminal-history category of III. Balusik argues that his two "traffic offenses"—as he characterizes the OVIs—put him in a too-severe criminal history category. This argument did not appear in Balusik's sentencing memorandum. It was, however, included in an addendum to the PSR addressing Balusik's objections.

The district court overruled Balusik's objection, observing that the PSR correctly calculated Balusik's criminal history and properly categorized him at level III. It then noted that Balusik's argument that his criminal history was overstated could be a basis for a variance. Defense counsel did not return to this argument in later addressing the court.

Although Balusik categorizes his offenses as "traffic offenses," they both involved Balusik driving while under the influence, and at least one resulted in a motor-vehicle accident. Particularly in light of the long-running nature of the present offense, the district court did not abuse its discretion in declining to depart or further vary on this basis.

Balusik next argues that his offense level was unfairly increased by several enhancements. warranting a downward variance from the district court. Balusik's base offense level was twenty-two. A total of fifteen points were added based on specific enhancements for child-pornography offenses found in § 2G2.2, including the involvement of a child under 12, the portrayal of sadistic and masochistic conduct, and the use of a computer. Balusik argues that these enhancements—

---

[2] Balusik was sentenced under the 2021 Guidelines, prior to the changes made effective November 1, 2023. At the time of his sentencing, two points were added under § 4A1.1(d) if the defendant committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." All references to the Guidelines in this opinion are to the 2021 Guidelines.

some of which are applicable in the majority of child-pornography cases—are "outdated and redundant" and are not based on the Sentencing Commission's institutional expertise. Appellant Br. at 15.

Although a district court is free to vary downward based on disagreement with a Guideline, it is not required to. We have repeatedly held that district courts are entitled to rely on the Guidelines, including the child-pornography enhancements in § 2G2.2. *See, e.g.*, *United States v. Burrows*, 832 F. App'x 381, 385 (6th Cir. 2020); *United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir. 2012) (collecting cases). And here the district court explained that although the enhancements may not always be appropriate, in this case they were because, for example, although almost every child-pornography offender uses a computer and therefore triggers the enhancement in § 2G2.2(b)(6), Balusik used a "two way . . . group participation" function, thus using the computer as more than "purely a viewing device." R.39, PageID 516–18. Accordingly, although the district court had discretion to vary downward based on disagreement with the Guidelines—something the district court stated it regularly did—it was under no obligation to vary further downward here.

Balusik's final argument in favor of a more substantial downward variance is based on a report conducted by Dr. David Delmonico, a defense expert who evaluated Balusik and prepared a psychological report in advance of his sentencing. Delmonico concluded that Balusik is not antisocial—a trait Balusik asserts is associated with a higher recidivism risk—and he is not pedophilic. Delmonico concluded instead that Balusik acted out of a desire to "shock" others. The district court heard argument from both sides on the value of Delmonico's report, and determined that its conclusions were not fully believable. We cannot say that its decision not to place more weight on the report and vary further downward was an abuse of discretion.

**B.**

Balusik also contends that the district court erred in failing to expressly address the impropriety of the § 2G2.2 enhancements, Delmonico's report, and Balusik's limited criminal history. A district court commits procedural error in sentencing if it fails to adequately explain the chosen sentence, and must "set forth enough facts to satisfy this court that it considered the parties' arguments and had a reasoned basis for exercising its own legal decision-making authority." *Vowell*, 516 F.3d at 510.

After announcing Balusik's sentence, the district court asked the parties if there were any procedural or substantive objections, and Balusik's counsel said no. We therefore review Balusik's procedural reasonableness challenge for plain error. *See United States v. Bostic*, 371 F.3d 865, 873 (6th Cir. 2004).

A district court need not explain its consideration of every argument; it is sufficient that the "'context and the record make clear' that the sentencing judge understood [the mitigation arguments] but did not believe they outweighed other § 3553(a) factors that the judge found more pertinent." *United States v. Liou*, 491 F.3d 334, 340 (6th Cir. 2007) (quoting *Rita v. United States*, 551 U.S. 338, 359 (2007)). "On appeal, '[w]e focus less on what the transcript reveals that the court said and more on what the transcript reveals that the court did.'" *United States v. Paden*, 743 F. App'x 621, 624 (6th Cir. 2018) (alteration in original) (quoting *United States v. Taylor*, 696 F.3d 628, 634 (6th Cir. 2012)).

The district court considered each argument Balusik raises here. It agreed with Balusik that the enhancements applied in the majority of cases, even stating that it "agree[d] that that would be something that the Sentencing Commission should consider." R.39, PageID 518. And the court acknowledged that it "frequently come[s] off of the guidelines a significant amount because . . . in

many instances, they are overstated in child pornography cases, particularly as we start adding up . . . enhancements." *Id.* at PageID 540. But the court determined that in Balusik's case, a sentence closer to the Guidelines range was appropriate.

And although the district court did not directly refer to either Delmonico's report or Balusik's criminal history when pronouncing the sentence, it discussed both during the sentencing hearing and referenced Delmonico's report in its explanation. *See, e.g.*, R.39, PageID 541 (expressing skepticism over Delmonico's conclusion that Balusik was acting just for "shock value"). It then gave a detailed explanation for its below-Guidelines sentence. That is enough to assure us that the district court fairly considered Balusik's arguments and to understand why it imposed the sentence it did.

**III.**

For the reasons set out above, we AFFIRM the district court's judgment.