NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 09a0028n.06

Filed: January 15, 2009

**Nos. 08-5637/08-5640**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| JANET NETTERS AUSTIN, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: SILER and McKEAGUE, Circuit Judges; LUDINGTON, District Judge.[*]

**THOMAS LUDINGTON, District Judge**. Defendant-Appellant Janet Netters Austin ("Defendant") appeals the district court's criminal sentence, which was imposed after she pled guilty to four felony offenses for her involvement in a fraudulent marriage scheme. The district court sentenced Defendant to two months in custody, two months home detention, and twenty-four months of supervised release. While Defendant acknowledges that the district court correctly calculated the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range and imposed a sentence at

---

[*]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

the low end of the Guidelines, she contends that the sentence imposed by the district court was procedurally and substantively unreasonable. For the following reasons, we AFFIRM.

## BACKGROUND

Defendant was indicted for participating in a conspiracy to help foreign nationals fraudulently obtain legal immigration status. Defendant and a group of others, all citizens of the United States of America, traveled to Morocco for the purpose of arranging sham marriage engagements. Defendant then provided fraudulent information regarding her own marriage engagement in visa applications to facilitate the entry of her "fiancé," a foreign national, into the United States. On February 21, 2006, Defendant entered into a plea agreement in which she agreed to enter a guilty plea to two counts of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, one count of entering into a marriage for the purpose of evading the immigration laws of the United States in violation of 8 U.S.C. § 1325(c), and one count of aiding and abetting in violation of 18 U.S.C. § 2. Defendant's daughter and son were also indicted as members of the conspiracy.

The plea agreement acknowledged Defendant's cooperation in the prosecution of other conspirators. Consequently, the Government agreed it would not oppose a motion pursuant to U.S.S.G. § 5K1.1 for a reduction of sentence or Defendant receiving acceptance of responsibility credit pursuant to U.S.S.G. § 3E1.1. Defendant admitted her involvement in the conspiracy from the inception of the investigation and willingly participated in the investigation of fellow conspirators. The record also demonstrated that Defendant recruited others to the conspiracy as well as participated in the fraudulent marriage engagements.

Statutorily, Defendant's maximum exposure for each offense was a term of five years in custody and three years of supervised release. Defendant did not have any previous criminal

convictions, resulting in a criminal history category of I. Her total offense level was calculated as a level twelve, with a criminal history category of one. The presentence investigation report ("PIR") also noted that a term of at least two years supervised release was required because a term of imprisonment in excess of one year could be imposed. The Guidelines range was determined to be ten to sixteen months in custody, Zone C. A Guidelines provision also recommended two to three years of supervised release. The report added two points to her offense level for her role in the conspiracy, but deducted two points for her acceptance of responsibility.

On May 13, 2008, United States District Judge J. Daniel Breen sentenced Defendant. At the beginning of the sentencing hearing, Defendant's counsel did not render any objections to the PIR upon the court's inquiry. In light of Defendant's cooperation, the Government moved for a sentence reduction pursuant to U.S.S.G. § 5K1.1, but noted that Defendant was not entirely forthcoming with respect to her children's involvement in the conspiracy. Defendant's counsel then addressed the court regarding the Government's view of Defendant's cooperation. The court then asked Defendant's counsel for any additional sentencing concerns. Defendant's counsel clarified certain factual discrepancies relating to Defendant's employment and personal background contained in the PIR. At the court's request, Defendant addressed the court with respect to her sentence. Defendant's counsel also provided an additional statement regarding Defendant for the court's consideration. Counsel emphasized Defendant's age, educational background, employment background, and argued that it was not likely that she would engage in future criminal conduct.

Before imposing the sentence, the court reviewed the charges against Defendant, acknowledged a two level increase for Defendant's role as an organizer pursuant to U.S.S.G. § 3B1.1(c), and a two level reduction for her acceptance of responsibility. The court acknowledged

that it must consider the factors enumerated in 18 U.S.C. § 3553(a), including "to impose a sentence sufficient but not greater than necessary . . . ." The court noted the nature and the circumstances of the offense as follows:

> In reading through the presentence report, it's in the court's mind clear that [Defendant] was quite involved in these events and one of the primary individuals involved in this conspiracy, aiding and abetting the conspiracy as well. Certainly any attempt or effort by an individual to provide or defraud the United States and provide false information, particularly in regard to the immigration laws, is a serious matter. Certainly it would – it would in turn require the court to consider an appropriate sentence in this case based upon that type of offense.

The court also recognized Defendant did not have a prior criminal history and considered the Government's motion for a reduction of sentence pursuant to U.S.S.G. § 5K1.1. In the court's view, Defendant provided substantial assistance to the Government, justifying a three level offense reduction from the offense level twelve to offense level nine. As a result, Defendant's applicable Guidelines range was in Zone B, which reduced the potential term of imprisonment from a range of ten to sixteen months to a range of four to ten months. Ultimately, the court sentenced Defendant to a term of two months imprisonment, two months home detention, and two years of supervised release, which was at the low end of the Guidelines range. While the low end of the Zone B range was four months imprisonment, the court's sentence of imprisonment permissibly substituted two months of home detention for two months imprisonment rendering it equivalent to four months imprisonment and within the Guidelines range. *See* U.S.S.G. § 5C1.1(c)(2).

After imposing the sentence, the court inquired of Defendant's counsel whether "any matters or objections" needed to be addressed. Counsel indicated that no other issues needed to be addressed. On May 22, 2008, Defendant timely filed a notice of appeal.

**DISCUSSION**

A district court's sentence is reviewed under a reasonableness standard. *United States v. Vowell*, 516 F.3d 503, 509 (6th Cir. 2008) (citing *United States v. Smith*, 474 F.3d 888, 892 (6th Cir. 2007) (citing *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006))). Sentences within the Guidelines range are presumptively reasonable, *id.* (citing *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006)), but sentences outside of the Guidelines range are not presumptively unreasonable. *Id.* (citing *Collington*, 461 F.3d at 808). "The Supreme Court has explicitly reined in appellate review of sentences, holding that [appellate courts] must review every sentence that is free from significant procedural error under a deferential abuse-of-discretion standard, regardless of whether the sentence is within the Guidelines range or significantly outside it." *Id.* (citing *Gall v. United States*, - - - U.S. - - - - - , 128 S. Ct. 586, 597-98 (2007)).

In a circumstance where a defendant does not object to the procedures employed at a sentencing hearing, the plain error doctrine applies. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Here, the district court provided an explicit opportunity to register objections. A defendant that does not raise objections to the sentence at the hearing "undermine[s] his right to challenge the adequacy of the court's explanation for the sentence–an issue that bec[omes] apparent as soon as the court finishe[s] announcing its proposed sentence and that counsel nonetheless decline[s] the court's invitation to address." *Id.* (citing *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004)).

The plain error standard of review requires that Defendant demonstrate "(1) error (2) that was obvious or clear, (3) that affected [Defendant's] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (citation and quotations omitted).

Plain error is found "[o]nly in exceptional circumstances . . . where the error is so plain that the trial judge was derelict in countenancing it." *Id.* (citation and quotations omitted).

## A. Procedural Reasonableness

Here, review of the district court's adherence to sentencing procedures is governed by the plain error doctrine. The record demonstrates that the district court provided Defendant's counsel the opportunity to raise objections at the beginning, middle, and conclusion of the sentencing hearing. *See id.* ("In an effort to bring some clarity to the matter and to ensure that plain-error review applied only when the parties fairly were given a chance to object to the sentencing procedure, *Bostic*, 371 F.3d at 872, suggested that district courts, after announcing a proposed sentence, 'ask the parties whether they have any objections to the sentence . . . that have not previously been raised.'").

The district court must satisfy three criteria for a sentence to be procedurally reasonable. First, the district court must have "correctly calculated the applicable Guideline range." *United States v. Bold*, 511 F.3d 568, 579 (6th Cir. 2007). Second, the district court must provide "both parties the opportunity to argue for whatever sentence they deem appropriate . . . ." *Id.* at 579-80 (citing *Gall*, 128 S. Ct. at 596). Third, the district court must consider the factors enumerated in § 3553(a) "to determine whether they support the sentence requested by each party." *Gall*, 128 S. Ct. at 596. Defendant concedes that the district court correctly calculated the Guidelines range. Op. Br. at 7. Defendant asserts (1) that the district court did not provide either party an opportunity to present arguments concerning the appropriate sentence and (2) that the district court inadequately explained the rationale supporting Defendant's sentence. *Id*. at 8-9.

While *Gall* certainly requires that the parties have an opportunity to advocate an appropriate sentence, Defendant's contention is that the district court was responsible for eliciting a recommended sentence from the parties. The record is clear that the district court elicited commentary from Defendant before the sentence was imposed. In response to the Court's inquiry, Defendant expressed remorse for her participation in the criminal conduct. The district court then inquired whether the Government had additional commentary, which it did not. Finally, the district court permitted Defendant's counsel to address the court. Counsel emphasized Defendant's age, educational background, employment background, and the unlikelihood that she would engage in future criminal conduct. At that point, the district court proceeded to analyze the 18 U.S.C. § 3553(a) factors. The district court noted counsel's statements in conjunction with the information in the PIR, which demonstrates that the district court considered the mitigating factors in determining an appropriate sentence.

At the hearing, Defendant and her counsel each advanced reasons why the district court should impose a more lenient sentence. Defendant did so by expressing her remorse and counsel did so by emphasizing mitigating factors of Defendant's background that supported a shorter sentence – e.g., Defendant's age and lack of a criminal history. While neither advocated for a specific sentence and the district court did not specifically elicit a suggested sentence, Defendant had an opportunity to advocate for a reduced sentence. In addition, when presented with an opportunity to register an objection after the sentence was imposed, counsel did not object to the procedure employed by the district court. Although the district court did not explicitly solicit a proposed sentence from Defendant, the record demonstrates that the court provided Defendant and counsel opportunities to advance substantive arguments supportive of a lesser sentence.

Defendant also emphasizes that the district court must "consider[] the parties' arguments and [provide] a reasoned basis for exercising his own legal decision-making authority." Op. Br. at 8 (citing *United States v. Liou*, 491 F.3d 334, 340 (6th Cir. 2007)); *see also Rita v. United States*, 127 S. Ct. 2456, 2468 (2007). Indeed, "when a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Jones*, 489 F.3d 243, 250 (6th Cir. 2007) (citation and quotations omitted). The district court is not required, however, to address every point raised or proffer a full opinion; "the context and the parties' prior arguments" may not necessitate a court to fully express its decision. *Rita*, 127 S. Ct. at 2468. "Emphasizing that '[j]udicial decisions are reasoned decisions,' *Rita* exhorts the sentencing judge to satisfy the procedural requirement of 'set[ting] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Liou*, 491 F.3d at 338 (citing *Rita*, 127 S. Ct. at 2468). In the event that a party presents "a nonfrivilous reason for imposing a different sentence," prudence is served by the district court explaining why the argument is unpersuasive. *Id.* The burden lies with Defendant to demonstrate that the district court "plainly violated its duty to analyze the relevant sentencing factors and [her] arguments for leniency." *Vonner*, 516 F.3d at 388.

Here, Defendant has not done so. The record demonstrates that the district judge considered the serious nature of the offenses and her substantial involvement in the conspiracy. *See* 18 U.S.C. § 3553(a)(1). He also noted that the criminal sentence should deter others from committing the offenses and protect the public from further offenses. *See id.* § 3553(a)(2)(B-C). The court determined that educational and vocational training was not required for Defendant. *See id.* §

3553(a)(2)(D). Finally, the court noted the applicable Guidelines range and the effect of granting the Government's motion for a downward departure, which reduced the Guidelines range by six months. Then the district court sentenced Defendant to a term of imprisonment that was at the low end of the Guidelines recommended range. The record also demonstrates that the district court considered the PIR, which discussed each of the mitigating factors raised by Defendant's counsel. The district court was not under a duty to specifically address each argument raised. Moreover, Defendant has not identified the arguments that the district court allegedly disregarded. Therefore, Defendant has not demonstrated that the alleged procedural irregularities were obvious errors that substantively affected her rights.

### B. Substantive Reasonableness

As discussed above, the abuse of discretion standard governs Defendant's challenge to the substantive reasonableness of a sentence; however, a defendant is not required to preserve the argument by way of an objection at the sentencing hearing. *Vonner*, 516 F.3d at 389. A challenge to the substantive reasonableness of a sentence necessitates a review of the sentence's length and "the factors evaluated . . . by the district court in reaching its sentencing determination." *Liou*, 491 F.3d at 338 (citing *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)). A reviewing court must "assess the substantive reasonableness of the sentence in light of the totality of the circumstances, giving 'due deference' to the sentencing judge, in recognition of his greater familiarity with the case, his superior position to find facts and assess credibility, and the institutional advantage that comes with frequent sentencing of offenders." *United States v. Houston*, 529 F.3d 743, 755 (6th Cir. 2008) (citing *Gall*, 128 S. Ct. at 597-98). A sentence is substantively unreasonable when it is arbitrary, based on "impermissible factors," relevant § 3553(a) factors are

not considered, or the sentencing judge unreasonably relies on a factor. *Liou*, 491 F.3d at 337 (citations omitted).

Defendant's primary argument is that the district court imposed an unduly harsh sentence.[2] Upon review, neither the term of incarceration nor the term of supervised release were unreasonably lengthy. First, the district court granted the Government's U.S.S.G. § 5K1.1 motion, despite the Government's representation that Defendant had not provided truthful information with respect to her children's involvement. Consequently, the district court reduced her offense level from twelve to nine, which lowered the Guidelines range by six months. The district court sentenced Defendant at the low end of the applicable Guidelines range sentencing Defendant to serve two months imprisonment and two months of home detention. While Defendant emphasizes that mitigating factors warranted a lighter sentence, she has already benefitted significantly from the district court's application of U.S.S.G. § 5C1.1(c)(2), which cut in half the imprisonment otherwise recommended at the low end of the Guidelines. The record demonstrates, and Defendant agrees, that the Court considered the mitigating factors that provide a reasonable basis for a sentence at the low end of the Guidelines. In imposing the term of incarceration, the district court also considered Defendant's involvement in the conspiracy and the serious nature of the offenses as additional justifications for the sentence.

Defendant also asserts that the sentence was based on the "unfounded assumption" that incarceration would deter others from engaging in similar conduct. Op. Br. at 15-16 (citing *United*

---

[2] While Defendant also advances the argument that the sentence was arbitrary because the district court did not articulate its justification, Op. Br. at 13, this argument is similar to the procedural challenge and can also be viewed as focusing on the length of the sentence. *See Liou*, 491 F.3d at 340 (Defendant's argument, interpreted to be that the district court did not adequately address mitigating factors, as a challenge to "the length . . . and type of sentence . . . in light of his mitigating circumstances").

*States v. Romero*, 269 F.App'x 689, 690 (9th Cir. 2008) (unreported)). While the record does not demonstrate that the district court's conclusion relied on empirical evidence or other data in support of the statement, 18 U.S.C. § 3553(a)(2)(B) requires the district court to consider the deterrent effect of imposing a sentence. The court's consideration of the deterrent effect of the sentence supports the imposition of the sentence and is incorrectly characterized as an "unfounded assumption." *Romero*, 269 F.App'x at 690 (district court's finding, that the defendant had a high statistical likelihood of recidivism, was an unfounded assumption). In this instance, potential deterrence is a required consideration for the district court during sentencing. Thus, Defendant has not demonstrated that the district court abused its discretion.

AFFIRMED.