NOT RECOMMENDED FOR PUBLICATION
File Name: 13a0862n.06

No. 12-2346

**FILED**

Oct 03, 2013

DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| ARNALDO INFANTE-CABRERA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MERRITT and CLAY, Circuit Judges; and STAFFORD, District Judge.[*]

**MERRITT, Circuit Judge.** The sole issue in this appeal is whether the 18-month sentence imposed for possessing contraband in prison, which is to be served consecutively to the 262-month sentence defendant is currently serving, is substantively and procedurally reasonable. Defendant contends that the district court failed to consider several of the factors under 18 U.S.C. § 3553(a), primarily defendant's severe mental illness. For the following reasons, we affirm the judgment of the district court.

Defendant Arnaldo Infante-Cabrera is currently serving a nearly 22-year sentence for his part in a cocaine conspiracy. On April 13, 2010, defendant and another inmate were involved in a physical altercation over a bed assignment. Defendant struck the other inmate with an improvised weapon made out of a belt and two metal locks, leaving the victim with an injury that required 18 stitches to the head and other injuries. The prison staff did not witness the fight and there is

___

[*]The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

disagreement among the inmates who were present about whether defendant was provoked. Defendant was charged with Assault with a Dangerous Weapon with Intent to Do Bodily Harm in violation of 18 U.S.C. § 113(a)(3) and Possession of Contraband in Prison in violation of 18 U.S.C. § 1791(a)(2). Defendant initially pled not guilty to both charges, but later changed his plea to guilty on the contraband count. The assault charge was dropped. The contraband charge carries a five-year statutory maximum that must be consecutive to the sentence already being served. *See* 18 U.S.C. § 1791(b)(3), (c). Defendant's guideline range for the contraband charge was calculated to be 12-18 months. Citing the seriousness of the situation, the district court sentenced defendant to 18 months to run consecutively to his current sentence.

The defendant has a long history of mental illness, including a diagnosis of bipolar disorder and six attempted suicides. He has been treated with medication while in prison — primarily lithium, but also Prozac. Defendant maintains that the Prozac makes him irritable and angry and that he was taking Prozac when the altercation at issue here occurred. A court-appointed psychologist submitted three reports detailing defendant's mental illness that were attached to defendant's sentencing memorandum. Based on these reports and defendant's documented mental illness, defendant's attorney argued for leniency in his sentence.

Defendant also argues that the victim threatened him and, along with other inmates, intimidated him. He argues that the threatening environment, the provocation by the other inmate, and the negative effect on him of the Prozac, are the reasons for his assault and that the district court failed to take this all into consideration during sentencing. He also contends that the district court failed to consider the harsh sanctions he received from the Bureau of Prisons as punishment for the

2

altercation, such as loss of good-time credits, placement in a higher-security level prison and loss of his job as an auto mechanic instructor.

We review a sentence for reasonableness under an abuse of discretion standard. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). When reviewing a sentence for procedural reasonableness, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . or failing to adequately explain the chosen sentence  including an explanation for any deviation from the Guidelines range." *Gall v. United States,* 552 U.S. 38, 51 (2007). A sentence is substantively unreasonable "if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent [18 U.S.C.] § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Husein,* 478 F.3d 318, 332 (6th Cir. 2007) (internal quotation marks omitted).

Defendant was sentenced within, albeit at the top, of the guideline range. He argues that the district court did not adequately consider his poor mental health when analyzing the Section 3553(a) factors.[1] However, the district court specifically said it had read the mental health reports prepared by the court-appointed psychologist and attached to defendant's sentencing memorandum. Tr. of Sentencing Hr'g at 37. The presentence report, as well as the argument presented by counsel at the sentencing hearing, well documented defendant's long-standing and serious mental health issues.

---

[1]The government contends that this objection was not properly preserved at the sentencing hearing and we should review only for plain error. Whether we review for preserved or plain error, the outcome is the same.

At the end of the hearing, the court also recommended that defendant receive mental health treatment in prison. *Id.* at 42. The record demonstrates that the district court was well aware of defendant's mental health problems when it issued the 18-month sentence. It was not necessary for the district court to expressly state that it was rejecting defendant's leniency argument based on his history of mental illness. The sentencing hearing was long, detailed and thorough and the district court stated clearly that he believed that defendant's action in inflicting severe injury on a fellow inmate was a very serious matter. Counsel for defendant explained defendant's mental illness in great detail, relying on the records in the case, including the reports of the mental health expert. Under these circumstances, "the district court's statement, especially viewed in context, shows that it considered [defendant's] personal characteristics in conjunction with the circumstances of the offense and his criminal history." *United States v. Jeter*, 721 F.3d 746, 756 (6th Cir. 2013). Refusing to excuse defendant's conduct based on his mental illness does not make the sentence procedurally or substantively unreasonable.

Because we find the sentence imposed both procedurally and substantively reasonable, we affirm the judgment of the district court.