NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0133n.06

Nos. 16-5778/6119

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

**FILED**
Mar 01, 2017
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE EASTERN |
| BRYANT JOHNSON (No. 16-5778), | ) DISTRICT OF KENTUCKY |
| CHARLES JONES (No. 16-6119), | ) |
| | ) |
| Defendants-Appellants. | ) |

**BEFORE: MERRITT, KETHLEDGE and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Appellants Bryant Johnson and Charles Jones each pleaded guilty to one count of conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In this consolidated appeal, they both challenge the substantive and procedural reasonableness of their sentences. We **AFFIRM**.

**I. Background**

Appellants were relatively low-level participants in a conspiracy to distribute methamphetamine. Both Johnson and Jones provided addresses in Pulaski County, Kentucky, to co-conspirators Brandon Barnes and Raymond McClanahan for the purpose of receiving large quantities of methamphetamine via FedEx and UPS shipments from Las Vegas, Nevada. This substance was then distributed throughout Pulaski County. The conspiracy lasted from November 2014 until May 2015.

Jones admitted that he provided multiple addresses to Barnes and McClanahan and that he distributed between 200 and 350 grams of a mixture containing a detectable amount of methamphetamine. The district court found Jones responsible for about 300 grams. Because Jones was specifically charged with a violation that involved more than 50 grams of a substance containing methamphetamine, and admitted he possessed that amount, he was sentenced under 21 U.S.C. § 841(b)(1)(B)(viii).[1] Jones's presentence report ("PSR") calculated his offense level at 23 and his criminal history category as VI, resulting in a Guidelines range of 92 months to 115 months in prison. Jones made no objection to his PSR or Guidelines range. The district court imposed a sentence of 108 months' imprisonment and four years of supervised release.

Johnson was charged with participating in a conspiracy to distribute a substance containing methamphetamine, 21 U.S.C. §§ 841(a), 846. The district court found him responsible for 311 grams, but all agreed that he was subject to sentencing under 21 U.S.C. § 841(b)(1)(C).[2] Johnson provided only one address to Barnes, and was not alleged to have distributed the methamphetamine himself. After resolving multiple objections in Johnson's favor, including his objection that his 2004 conviction for wanton endangerment was not a crime of violence in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), and that he is therefore not a career offender, Johnson's offense level was set at 23 and his criminal history category at

---

[1] The statutory punishment for Jones's charged offense is imprisonment for between five and 40 years, a fine of not more than $5,000,000, and a term of supervised release of at least four years. 21 U.S.C. § 841(b)(1)(B)(viii).

[2] The statutory punishment for Johnson's charged offense is imprisonment for not more than 20 years, a maximum fine of $1,000,000, and at least three years of supervised release. 21 U.S.C. § 841(b)(1)(C).

IV.[3]   Johnson's Guidelines range was 70 to 87 months of incarceration.  The district court sentenced him to 82 months' incarceration and four years of supervised release.

The district court noted that Johnson and Jones were not the ringleaders of the conspiracy, but emphasized the devastating impact of methamphetamine addiction in Kentucky and the importance of deterring future drug trafficking.  The district court also focused on Defendants' lengthy criminal histories in imposing sentences above the midpoint of their respective Guidelines ranges.  After the district court asked the *Bostic* question, *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004) (instructing district courts to ask the parties whether they have any objections to the sentence), neither Johnson nor Jones objected to their within-Guidelines sentences.

Johnson and Jones now challenge their sentences as substantively and procedurally unreasonable.  Johnson specifically argues that the district court should have sentenced him to 70 months, the low end of his Guidelines range, and failed to adequately consider his mental-health issues, including diagnoses of Schizophrenia, Bi-Polar Disorder, Post-Traumatic Stress Disorder, and a history of substance abuse.  Jones similarly argues that the district court should have given him a sentence at the bottom of his Guidelines range, contending that a 92-month sentence would have been "sufficient, but not greater than necessary, to comply with the purposes set forth" in the Federal sentencing scheme.  18 U.S.C. § 3553(a).  Jones also asserts that the district court failed to adequately consider the § 3553(a) sentencing factors, particularly "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need

---

[3] Johnson also successfully objected to the Presentencing Report's calculation of his base offense level.  The Presentencing Report erroneously calculated his offense level as 32, based on conspiracy to distribute methamphetamine (actual), rather than a substance containing a detectable amount of methamphetamine.  His base level was lowered to 26, and he received a three-point reduction for acceptance of responsibility.

to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(1) and (6).

## II. Analysis

### A.  Standard of Review

We review sentences for reasonableness "under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  As here, "[w]here a party has failed to object to a procedural defect, we review claims of procedural unreasonableness for plain error."  *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010).  To succeed on plain error review, an appellant must show "(1) error (2) that was 'obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'"  *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).  A sentence is procedurally unreasonable if the district court "failed to calculate the Guidelines range properly; treated the Guidelines as mandatory; failed to consider the factors prescribed at 18 U.S.C. § 3553(a); based the sentence on clearly erroneous facts; or failed to adequately explain the sentence."  *United States v. Coppenger*, 775 F.3d 799, 803 (6th Cir. 2015).

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard.  *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).  A sentence may be substantively unreasonable if the sentencing court "imposed a sentence arbitrarily, based on impermissible factors, or unreasonably weighed a pertinent factor."  *Coppenger*, 775 F.3d at 803.  "Sentences within a defendant's Guidelines range are presumptively substantively reasonable[.]"  *United States v. Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015).

**B. Johnson's Sentence**

Johnson asserts that his within-Guidelines sentence is procedurally and substantively unreasonable due to the district court's failure to adequately consider his history of mental illness and substance abuse. Johnson concedes that he did not object to the sentence below and we therefore review his procedural challenge for plain error. *Wallace*, 597 F.3d at 802.

Though his brief is anything but clear, Johnson appears to argue that the district court, in not considering Johnson's mental illness, failed to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The district court, however, considered Johnson's mental-health issues, a fact that Johnson admits in his brief. Moreover, "within-Guidelines sentences need not be explained with the same level of detail as non-Guidelines sentences" and "the underlying inquiry is whether the record makes clear that the sentencing judge . . . was fully aware of the defendant's circumstances and took them into account in sentencing him." *United States v. Judge*, 649 F.3d 453, 457–58 (6th Cir. 2011) (alterations omitted). The record shows that Johnson's PSR included a discussion of his mental-illness diagnoses, that his counsel and the Government's counsel discussed Johnson's mental-health issues during his sentencing hearing, and the district court stated "we're going to get you some mental health treatment" and included a recommendation in the sentence that Johnson participate in mental-health programs. R. 246, PID 775. The district court also repeatedly discussed Johnson's substance-abuse history, and required Johnson's participation in a substance-abuse treatment program as part of his sentence. The district court was thus clearly aware of Johnson's circumstances and did not plainly err in its consideration of Johnson's mental health.

Johnson's substantive reasonableness challenge also fails. First, much of his argument focuses on the district court's alleged failure to adequately consider his mental-health and substance-abuse issues. Additionally, Johnson argues that a 70-month sentence would have been "more substantively reasonable" than the 82-month sentence he received. Johnson Br. at 25. However, district courts have broad sentencing discretion, and we do not review for whether a particular sentence would be "more reasonable" than that imposed by the district court. Rather, Johnson must show that the district court acted "arbitrarily" or "unreasonably weighed a pertinent factor" in imposing his presumptively reasonable, within-Guidelines sentence. *Coppenger*, 775 F.3d at 803.

Johnson is unable to rebut the presumption of reasonableness, as the district court thoroughly balanced Johnson's criminal history, the seriousness of his offense, and the methamphetamine problem in Kentucky against mitigating factors such as his mental-health issues, limited role in the conspiracy, and past ability to hold a steady job. Although the district court noted that Johnson was not a ringleader of the conspiracy, it found that Johnson's criminal history and the devastating effects of methamphetamine addiction in Kentucky and consequent need to deter future drug trafficking outweighed the mitigating value of Johnson's limited role in the conspiracy.

The district court thus did not abuse its discretion in imposing Johnson's within-Guidelines sentence.

### C. Jones's Sentence

Jones likewise argues that his within-Guidelines sentence is procedurally and substantively unreasonable. Jones concedes that he made no objections below and our review of the procedural reasonableness of his sentence is for plain error. *Wallace*, 597 F.3d at 802. Jones

argues that his sentence is procedurally unreasonable because the district court failed to consider the first and sixth § 3553(a) factors, and did not respond to Jones's argument that a 92-month sentence would have been sufficient but not greater than necessary to achieve Federal sentencing goals. Jones asserts that his sentence was substantively unreasonable due to its "extraordinar[y] length." Jones Br. at 24.

Jones's argument that the district court failed to consider his specific characteristics as required by § 3553(a)(1) is meritless. 18 U.S.C. § 3553(a)(1). First, prior to discussing the § 3553(a) factors, the district court stated that it "looked carefully at [Jones's] presentence report, listened carefully to what the lawyers have said and listened carefully to what [Jones] said[.]" R. 282, PID 1021. The district court then highlighted the seriousness of Jones's offense and the rampant methamphetamine addiction in Kentucky, Jones's history of substance abuse, and Jones's lengthy and violent criminal history which includes five separate domestic-violence incidents. The district court also expressly acknowledged an obligation to "think long and hard about the person standing in front of [it,] . . . [including] the nature and circumstances of kind of what [Jones has] done specifically." R. 282, PID 1026. After it "considered all the different options" available, the district court concluded that "a significant period of incarceration, followed by a period of supervision is most appropriate, given the seriousness of this offense." R. 282, PID 1029. Jones has thus failed to show that the district court's consideration of § 3553(a)(1) was plainly inadequate.

Jones's assertion that the district court committed plain error by failing to consider his disparity argument similarly misses the mark. Section 3553(a)(6) requires a district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Jones argues

that because he and Johnson were guilty of similar conduct, he should receive a 92-month sentence in order to minimize the disparity between their sentences. Section 3553(a)(6), however, "is designed to ensure nationally uniform sentences among like offenders." *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008). Jones's argument is therefore unavailing, as the concern was satisfied by the district court's imposition of a within-Guidelines sentence. *Id.* ("Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.").

Additionally, a district court may exercise its discretion and consider a defendant's sentence in light of a co-defendant's sentence. *United States v. Simmons*, 501 F.3d 620, 624 (6th Cir. 2007). However, "discretionary factors are not even appealable when discretion is requested and the judge refused . . . so long as the judge appreciated his discretion to downwardly depart." *Id.* at 624. Here, both Johnson and the Government addressed the sentencing disparity between Jones and Johnson, the district court emphasized that it carefully listened to the arguments, and it clearly considered the supporting evidence and Jones's circumstances in determining its sentence. *See Vonner*, 516 F.3d at 387 (stating that when a district court applies a within-Guidelines sentence, "the question is whether the record makes clear that the sentencing judge listened to each argument, considered the supporting evidence, was fully aware of the defendant's circumstances and took them into account in sentencing him") (internal quotation marks omitted). The record shows that the district court sufficiently considered this discretionary factor, and there was thus no clear procedural error.

Jones also asserts that his sentence was procedurally unreasonable because the district court did not discuss why a 108-month sentence was appropriate rather than the 92-month

sentence sought by Jones. This argument is unsupported; as discussed above, the district court emphasized Jones's significant and violent criminal history and the seriousness of his offense in explaining its imposition of a 108-month sentence. There was no plain error.

Finally, Jones argues that his sentence is substantively unreasonable. Jones's primary argument is that his sentence is "substantively unreasonable due to its length." Jones. Br. at 24. However, Jones's within-Guidelines sentence is presumptively reasonable. *United States v. Carson*, 560 F.3d 566, 587 (6th Cir. 2009). Asserting that a within-Guidelines sentence is too long is insufficient to rebut the presumption of reasonableness; Jones must show that the district court acted "arbitrarily" or "unreasonably weighed a pertinent factor." *Coppenger*, 775 F.3d at 803. To the extent that Jones suggests his sentence is substantively unreasonable due to its disparity from Johnson, it is well-established that different criminal histories is one of "a number of factors [that] might result in legitimate co-defendant disparities." *Carson*, 560 F.3d at 586. Indeed, while Jones received a longer sentence than Johnson, each was sentenced slightly above the midpoint of their respective Guidelines range. The only reason Jones's sentence is higher is because of his more significant criminal history, not because he was treated unreasonably by the district court. We therefore conclude that Jones's sentence was substantively reasonable.

### III. Conclusion

For these reasons, we **AFFIRM** the sentences of Johnson and Jones.