**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0397n.06

No. 12-5390

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|                                              |   |                              |
| -------------------------------------------- | - | ---------------------------- |
| UNITED STATES OF AMERICA,                    | ) |                              |
|                                              | ) |                              |
|   Plaintiff-Appellee,                        | ) |                              |
|                                              | ) | ON APPEAL FROM THE           |
| v.                                           | ) | UNITED STATES DISTRICT       |
|                                              | ) | COURT FOR THE EASTERN        |
| GARY RICKY RALEIGH, aka Rick Combs,          | ) | DISTRICT OF KENTUCKY         |
| aka Phil Combs,                              | ) |                              |
|                                              | ) |                              |
|   Defendant-Appellant.                       | ) |                              |

**FILED**
*Apr 22, 2013*
DEBORAH S. HUNT, Clerk

BEFORE: GRIFFIN and KETHLEDGE, Circuit Judges; ZATKOFF, District Judge.[*]

PER CURIAM. Gary Ricky Raleigh pleaded guilty to failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). The district court determined that, based on Raleigh's total offense level of 13 and his criminal history category of IV, his guidelines range of imprisonment was 24 to 30 months. The court varied upward from the guidelines and sentenced Raleigh to 84 months in prison, to be followed by a life term of supervised release. He now appeals his sentence. We affirm.

Raleigh argues that his sentence is substantively unreasonable because the 84-month prison term and life term of supervised release are greater than necessary to achieve the goals of sentencing. Raleigh also argues that the district court erred by including in the written judgment that he is to

---

[*]The Honorable Lawrence P. Zatkoff, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

abstain from alcohol while on supervised release because the court stated at the sentencing hearing that no such condition would be imposed. The government argues that Raleigh's sentence is reasonable, but it concedes that the case should be remanded for the limited purpose of removing the alcohol abstinence condition from the terms of Raleigh's supervised release.

Because Raleigh did not object to the length of his supervised release, we review for plain error his challenge to that aspect of his sentence. *See United States v. Zobel*, 696 F.3d 558, 573 (6th Cir. 2012). We review Raleigh's prison sentence under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *See United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009). To be substantively reasonable, a sentence must be proportionate to the seriousness of the circumstances of the offense and offender and sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a). *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008). A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, fails to consider pertinent sentencing factors, or gives an unreasonable amount of weight to any factor. *Id.* at 510.

The district court did not abuse its discretion in imposing Raleigh's prison sentence. The court engaged in a thorough analysis of the relevant sentencing factors, including the serious nature of Raleigh's crime, his significant criminal history, and the need to promote respect for the law, deter similar conduct, and protect the public. The court articulated a valid basis for the extent of its upward variance, and there is nothing in the record to suggest that the court selected the sentence arbitrarily, failed to consider a pertinent sentencing factor, or gave an unreasonable amount of weight to any factor. In addition, the court did not plainly err by imposing a life term of supervised release

based on its finding that Raleigh was likely to recidivate given his long history of sexual abuse against his daughter and step-daughter. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(C), 3583(c). Finally, because the district court erroneously included the alcohol abstinence condition in the written judgment, remand is warranted for the sole purpose of removing that condition from the terms of Raleigh's supervised release.

Accordingly, we remand the case to the district court for the limited purpose of removing the alcohol abstinence condition from the terms of Raleigh's supervised release and affirm the district court's judgment in all other respects.