NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0152n.06
No. 17-3908

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Mar 22, 2018

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| ANTHONY GREER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

BEFORE:     MOORE, GIBBONS, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.  Following his arrest for felonious assault of his girlfriend, Anthony Greer was charged with violating the terms of his supervised release.  Greer pleaded guilty to this violation, and the district court sentenced him to a within-Guidelines term of 32 months of incarceration.  Greer challenges this sentence as procedurally and substantively unreasonable, but his challenge fails.  The sentence was procedurally reasonable because the district court correctly calculated the Guidelines, allowed for argument, considered its sentence in light of the arguments presented, and provided a reasoned explanation of its decision.  The sentence was also substantively reasonable because the district court imposed a sentence proportionate to the nature of Greer's violation and properly weighed the relevant factors guiding that sentence.

In 2007, Greer was convicted of distribution of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A). He was sentenced to 120 months of incarceration, followed by five years of supervised release. Greer served his term of incarceration and was released from custody in 2016.

On March 26, 2017, Greer was arrested by the Wickliffe Ohio Police Department and charged with Felonious Assault with Physical Harm, a second-degree felony under Ohio law. The police report stated that Greer committed this assault when, angered by his girlfriend's refusal to attend a "swingers" party, Greer attacked his girlfriend and began punching her face to the point where it began to bleed. Greer subsequently pleaded guilty to fourth-degree felonious assault and was sentenced to 15 months of incarceration by the state of Ohio.

The United States charged Greer with a violation of the terms of his supervised release, and on August 22, 2017, Greer pleaded guilty to a new law violation. Based on Greer's violation and criminal history, the Sentencing Guidelines suggested a sentence of imprisonment in the range of 27 to 33 months. The United States requested a sentence at the high-end of the Guideline range, based on the vicious nature of Greer's attack and the need to protect the victim. Greer requested that the court impose a sentence below the Guidelines and that the sentence run concurrent with the state sentence. Greer's counsel argued that Greer was attempting to rebuild his life following his prior imprisonment, and, to that end, Greer sought to spend more time with his young children.

The district court expressed significant skepticism about the sincerity of Greer's purported desire to be with his children, however. The district court noted that Greer had fathered his three children with three separate women in the 18 months since his release from prison and questioned whether Greer "g[a]ve your kid any kind of guidance or support," given

that Greer did not live with his children. The district court also doubted Greer's statement that Greer wanted to "be out and be able to provide" for those children. The district court stated that it was concerned Greer "didn't think enough of them to devote more than a third of your parenting time" to each child, and asked Greer to explain what support Greer was able to give to his children.

Unconvinced by Greer's rationalizations, the district court declined to grant him a lower-than-Guidelines sentence. The district court instead sentenced Greer to 32 months of incarceration, to be served concurrently with his state-law sentence, based on "the nature and circumstances of the offense, and the defendant's background." Upon hearing the sentence, Greer objected to its length, and the district court further explained that "the sentence was for assaulting and badly injuring this woman [Greer's girlfriend]." Greer subsequently filed this timely appeal.

Greer challenges his sentence as both procedurally and substantively unreasonable, but this sentence was a reasonable one. Although close, this sentence satisfied the minimum requirements for procedural reasonableness. The district court followed the steps necessary to sentence Greer for violating the terms of his supervised release:

> [W]e must ensure that the district court: (1) properly calculated the applicable advisory Guidelines range; (2) considered the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range."

*United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). Here, the district court correctly calculated the Guidelines range and appropriately used those Guidelines to inform rather than dictate its decision-making. Before imposing its sentence, the district court allowed both the government and Greer to make arguments about what sentence would be appropriate, and

examined the validity of those assertions. The district court finally selected a sentence pursuant both to the § 3553(a) factors and the arguments for variance, and then explained that sentence to Greer on the record. There was therefore no "significant procedural error" that would cause a sentence to be invalid for procedural unreasonableness. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Although the district court's discussion of the reasons behind its sentence was not exhaustive, it was sufficient in these circumstances. The Supreme Court has confirmed that a judge imposing a within-Guidelines sentence is not required to lay out an exhaustive statement of reasoning, since that judge may "rest[] his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence." *Rita v. United States*, 551 U.S. 338, 357 (2007); *see also United States v. Vonner*, 516 F.3d 382, 388 (6th Cir. 2008) (same). A district judge imposing a within-Guidelines sentence need only demonstrate for the record that he listened to arguments, considered the evidence, weighed the defendant's circumstances, and took those factors into account when choosing a within-Guidelines sentence. *See Rita*, 551 U.S. at 357–58, *Vonner*, 516 F.3d at 388. Here, as in both *Rita* and *Vonner*, the record makes clear that the district court evaluated Greer's arguments and relevant circumstances, and saw no reason to depart from the Guidelines' judgment about what a proper sentence would be. Because each of the mitigating arguments that Greer set forth ultimately related to his background circumstances, the district court's statement that it had considered the specifics of the offense and the defendant's background indicates that it accounted for Greer's arguments in favor of leniency. The fact that the district court spoke less than it could have did not constitute procedural unreasonableness, because the record establishes the reasons for the district court's sentence.

Greer argues that his sentence was procedurally unreasonable because the district court focused on the fact that Greer had three children with three different women. The district court did not base Greer's sentence on his family status, however. Instead, the district court made clear that the sentence was for assaulting and injuring Greer's girlfriend. It is true that the district court questioned Greer about his relationship with his children in very skeptical terms. Even if the district court could have phrased its questioning more tactfully, however, the thrust of that inquiry was aimed at assessing the validity of Greer's argument that a downward variance would allow him to have more time to be a father to his children. Because Greer was asking the district court to take the significant step of imposing a below-Guidelines sentence, the district court had a responsibility to assess whether that variance was warranted. To that end, Greer's apparent status as an absentee father logically cut against Greer's argument that his desire to parent his children justified a downward variance, and the district court acted within its powers in asking Greer to address that apparent inconsistency.

"[A] trial judge in the federal judicial system generally has wide discretion in determining what sentence to impose," and, to that end, "may appropriately conduct an inquiry broad in scope" in determining an appropriate sentence. *United States v. Tucker*, 404 U.S. 443, 446 (1972). It was not an abuse of that discretion for the district court to have perceived that Greer's apparent inattentiveness as a father undermined the rationale of Greer's request for a downward variance, or to have asked Greer to address that concern.

Greer also contends that the sentence was unreasonable because it was based on a determination that Greer's girlfriend was "badly injur[ed]" as a result of Greer's attack, but this argument is without merit. Contrary to Greer's contentions, the district court did not simply accept the prosecution's statements on this point, but also had an arrest report and a violation

report, both indicating that the injury to Greer's girlfriend had been serious. Moreover, Greer never disputed either the fact or seriousness of the injury, either before or at the hearing. Greer now contends that the prosecution should have introduced evidence such as medical records to prove the extent of his victim's injury, but this argument is without merit. District courts have broad discretion to consider information at sentencing, *see United States v. Taylor*, 648 F.3d 417, 426 (6th Cir. 2011)*,* and the district court here did not abuse that discretion in not requiring further evidence to prove an uncontested fact.

Greer finally notes that we have stated that "'postrevocation penalties relate to the *original* offense,' rather than the violation conduct." *United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (citing *Johnson v. United States*, 529 U.S. 694, 701 (2000)). It is true that a district court must consider "the nature and circumstances of [the] original offense," and should refrain from imposing a punishment for new criminal conduct, "which may occur only following a conviction in a separate criminal proceeding." *Id.* In this sense, violations of supervised release conditions are not themselves crimes and are accordingly not determined by a jury beyond a reasonable doubt. *See Johnson*, 529 U.S. at 700. But this of course does not keep a district court from considering the seriousness of violation conduct in determining the sanction for the violation of trust embodied by the violation of a supervised release condition. *See, e.g., Johnson*, 640 F.3d at 203–04.

In addition to being procedurally reasonable, Greer's sentence was also substantively reasonable, because it was justified by the totality of the circumstances, and it is also entitled to a presumption of reasonableness for being within the Guidelines range. Here, the district court held that a 32-month sentence was appropriate based on "the nature and circumstances of the offense, and the defendant's background." This judgment was a reasonable one, especially given

that district court's decision to impose a within-Guidelines sentence also means that this sentence is entitled to a "rebuttable presumption of [substantive] reasonableness." *United States v. Adams*, 873 F.3d 512, 520 (6th Cir. 2017) (quoting *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007). Moreover, the district court exercised its direction to make the sentence concurrent to the state sentence. As we have said, a sentence is substantively reasonable where it is "proportionate to the seriousness of the circumstances of the offense and offender and sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)." *United States v. Raleigh*, 522 F. App'x 249 (6th Cir. 2013). Greer's background, his current circumstances, and the facts and violence of his violation of his supervised release condition all made a within-Guidelines sentence a reasonable result here.

Greer contends that the sentence was substantively unreasonable because the district court allegedly failed to consider relevant factors, including Greer's mostly compliant behavior following his 2016 release from prison and his mental health difficulties. In fact, the district court did consider these elements, as evidenced by the district court's inquiry into Greer's post-release lifestyle, including Greer's work and his family, and the court's decision to include a recommendation for mental health counseling as part of Greer's sentence. Greer clearly would have preferred the district court to have placed more weight on those factors favoring a lower sentence, but this does not mean that his sentence was substantively unreasonable. *See Adams*, 873 F.3d 512 at 520. Rather, the district court's conclusion that these factors did not justify a downward variance from a Guidelines sentence was a reasonable act of judgment, when reviewed from the proper perspective of the record as a whole.

Although Greer objects that the district court did not extensively discuss how each factor weighed for and against Greer, extensive discussion was not necessary in this case. "[W]hen a

judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita*, 551 U.S. at 356. A reviewing court may look to the facts and circumstances of a sentencing to satisfy itself that a district court considered all of the necessary factors under § 3553(a). *See id. at* 357–58. Here, the district court considered Greer's arguments that, pursuant to § 3553(a), his background and circumstances made him a proper candidate for a downward variance from a Guidelines sentence, rejected that argument, and held that a Guidelines sentence was appropriate. The district court might have made that point more clearly to Greer, but this is not enough to say that the sentence was substantively unreasonable, given that the totality of the record establishes that the district court appropriately considered all § 3553(a) factors and sentenced Greer on that basis.

Greer finally argues that his sentence was substantively unreasonable because the district court allegedly based it on Greer's three children and his perceived neglect of his three children. This argument is without merit, however, because the district court made clear that its sentence was based on Greer's violation of his supervised release condition, not his children, and that Greer's children were relevant only in that they were not a sufficient reason for granting Greer a lower sentence or a sentence below the Guidelines level.

The sentence imposed by the district court is affirmed.